996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John A. MANUEL, Defendant-Appellant.
 No. 91-30232.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1993.*
Decided June 15, 1993.
 
 Before WRIGHT, FARRIS and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 John A. Manuel appeals his sentence under the Sentencing Guidelines following his guilty plea conviction for assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(f). We have jurisdiction over the timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 DISCUSSION
 
 3
 Manuel argues that the district court erred in increasing his base offense level by four, pursuant to U.S.S.G. § 2A2.2(b)(3)(B), for the infliction of serious bodily injury. Manuel suggests that it was error to classify the bodily injury sustained as "serious" because the injury did not involve "extreme physical pain or the impairment of a function of a bodily member, organ, or mental facility; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1, Application Note 1(j). We reject the argument.
 
 
 4
 The victim suffered severe and permanent injuries from her day-long beating. Manuel repeatedly assaulted the victim with his hands, fists, and feet. He kicked the victim and struck her over her entire lower body with a metal bedrail. He jumped up and down on the victim's face, chest and body "like a child jumps on the bed." She periodically lost consciousness from the beatings and coughed up blood. She suffered permanent injuries to her right cheekbone, scarring to her body, and has a permanent ringing in her ears. She required hospital care and treatment.
 
 
 5
 These findings amply satisfy the Guidelines's definition of "serious bodily injury." See United States v. Corbin, 972 F.2d 271, 272 (9th Cir.1992). Even under a de novo standard of review, see United States v. Greene, 964 F.2d 911, 912 (9th Cir.1992), we would affirm the four-level enhancement for serious bodily injury.
 
 
 6
 Manuel next argues that the district court erred in departing upward three levels for abduction or unlawful restraint, U.S.S.G. § 5K2.4, and four levels for severe psychological injury to the victim, U.S.S.G. § 5K2.3. We employ a three-step process for reviewing departures under the Guidelines by asking: 1) whether the district court had legal authority to depart; 2) whether factual findings support the existence of the identified circumstances; and 3) whether the extent of the departure was unreasonable. United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc ).
 
 
 7
 Guideline § 5K2.4 provides that the district court may increase the sentence above the authorized guideline range if a person was abducted or unlawfully restrained to facilitate commission of the offense.
 
 
 8
 The district court found that the victim was pulled out of her car and dragged by her hair into Manuel's residence, where he immediately commenced a brutal assault lasting over twenty-four hours. She wanted to get away, but was afraid he'd get mad and say he didn't hurt her enough yet. She asked to be let go and pleaded for Manuel to stop the beatings, but he just became more enraged.
 
 
 9
 The three-level upward departure for unlawful restraint was proper. Manuel erroneously equates "unlawful restraint" with "physical restraint," which is defined as "forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. § 1B1.1, Application Note 1(i). Section 5K2.4 does not require physical restraint, only "unlawful" restraint. But even if § 5K2.4 did require "physical restraint," the record would plainly support such a finding.
 
 
 10
 The district court also properly departed upward four levels, pursuant to U.S.S.G. § 5K2.3, for severe psychological injury to the victim. This guideline authorizes a departure if the victim suffers psychological injury much more serious than that which normally results from the crime. United States v. Luscier, 983 F.2d 1507, 1512-13 (9th Cir.1993).
 
 
 11
 The district court found that the victim has regular and recurring nightmares about the brutal assault. These weekly nightmares frighten her, causing her to wake up from her sleep. She dreams about Manuel getting mad at her and hitting her, forcing her to constantly relive the trauma of the assault. These findings are sufficient to support a departure for extreme psychological injury.
 
 
 12
 Manuel challenges the district court's denial of a two-level reduction, recommended in the presentence report, for acceptance of responsibility. He argues that the district court failed to give him adequate notice that it was considering denial of the two-level reduction. See United States v. Brady, 928 F.2d 844, 848 (9th Cir.1991). We reject the argument.
 
 
 13
 Unlike Brady, Manuel was given notice that the court was considering a denial of the two-level reduction for acceptance of responsibility. He was given more than one opportunity to address the court on this, or on any other matter that he chose. The district court found no evidence of contrition. The denial was proper.
 
 
 14
 Finally, Manuel argues that the district court improperly departed from Criminal History Category I and placed him in Category II. U.S.S.G. § 4A1.3 provides that the court may depart from the applicable guideline range if reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes. United States v. Henderson, 1993 WL 156608,* 1 (9th Cir.1993).
 
 
 15
 The court found Manuel's prior criminal history "significantly more serious" than Category I. He had a prior counseled tribal conviction for an assault on his then-pregnant wife, the victim in this case, and assaulted his wife on at least one other occasion. The counselled assault charge was pending at the time the present assault occurred. The departure was proper. See U.S.S.G. 4A1.3(a) and (d).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3