139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Hector Nicholas SERRANO, Defendant-Appellant.
 No. 97-10027.
DC No. CR-S-88-97 LDG.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 23, 1998.
Argued and Submitted December 12, 1997.
 
 Appeal from the United States District Court for the District of Nevada Lloyd D. George, District Judge, Presiding.
 Before ALDISERT,** D.W. NELSON, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hector Nicholas Serrano was convicted of distribution of cocaine and participation in a conspiracy to distribute cocaine formed while he was in prison on unrelated charges. Serrano appeals the district court's decision to impose an upward sentencing departure pursuant to U.S. Sentencing Guidelines § 4A1.3. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 A departure from the Sentencing Guidelines is reviewed for an abuse of discretion. Koon v. United States, 518 U.S. 81, 116 S.Ct. 2035, 2047-48, 135 L.Ed.2d 392 (1996); United States v. Sablan, 114 F.3d 913, 916 (9th Cir.1997) (en banc), cert. denied, --- U.S. ----, 118 S.Ct. 851, 139 L.Ed.2d752, 66 U.S.L.W. 3178 (Jan. 20, 1998) (No. 97-382).
 
 
 4
 After Serrano was sentenced, he filed a motion for resentencing alleging that his prior conviction for "simple possession" was not a qualifying conviction for enhancement as a career criminal under U .S.S.G. § 4B1.1. The government conceded that Serrano's prior conviction was not a qualifying conviction but, because the resentencing would reduce his sentence from 327 months to 151-188 months, the government and the Probation Office recommended an upward departure. The court agreed and departed upward pursuant to U .S.S.G. § 4A1.3, imposing the maximum sentence of 235 months.[1]
 
 
 5
 The court articulated the following reasons for the upward departure: (1) Serrano's long criminal history was not fully accounted for because four of his convictions were too old to be considered; and (2) Serrano had a high risk of recidivism, indicated by (a) the fact that Serrano committed the crime while incarcerated, (b) Serrano's son's fear of Serrano due to the son's decision to leave the criminal environment in which Serrano raised him, and (c) the "general downward spiral" of Serrano's criminal activities.
 
 
 6
 The Supreme Court has set forth principles governing when departure from the applicable guideline is authorized, based on whether the factor relied upon by the sentencing court is forbidden, encouraged, discouraged, or unmentioned by the Guidelines. See Koon, 518 U.S. at ----, 116 S.Ct. at 2045. The sentencing court first must determine what factors take the case outside the Guidelines' "heartland" and make it special or unusual. If the Sentencing Commission has forbidden departure based on the factor, it cannot be used as a basis for departure. If the factor is an encouraged factor, the court is authorized to depart only if the applicable guideline does not already take it into account. If the factor is discouraged or already taken into account by the applicable guideline, the court should depart only if the factor is present to an exceptional degree or somehow makes the case different from the ordinary case where the factor is present. If the factor is unmentioned in the Guidelines, the court must decide whether it is sufficient to take the case out of the Guideline's heartland. See id.
 
 
 7
 The court's reliance on convictions too old to be considered is improper because U.S.S.G. § 4A1.1 clearly addresses the issue of older convictions, making prior convictions part of the heartland of the applicable guideline. The court's second reason, that Serrano was incarcerated when he committed the crime, has already been taken into account by U.S.S.G. § 4A1.1(d). Thus, this factor does not take the case outside the heartland of the applicable guideline.
 
 
 8
 The court's third factor, Serrano's conduct toward his son and his son's fear of retaliation, was not considered by the Guidelines and is an unusual circumstance that makes Serrano's case out of the ordinary, justifying an upward departure.
 
 
 9
 Fourth, the court was concerned about "the general downward spiral of [Serrano's] criminal activities" and that Serrano's convictions did not reflect the seriousness of his underlying conduct, focusing in particular on the violent circumstances underlying Serrano's 1976 conviction for manslaughter. Because of the Guidelines' structure in assessing criminal history points for prior convictions, the seriousness of an underlying conviction, without more, is insufficient to take this case out of the heartland of U.S.S.G. § 4A1.1. See United States v. Henderson, 993 F.2d 187, 189 (9th Cir.1993).
 
 
 10
 In summary, only one of the four grounds relied upon by the district court consitutes a proper ground on which to base an upward departure. When a district court bases a departure on both valid and invalid factors, we must remand unless the court would have imposed the same sentence absent reliance on the invalid factors. Koon, 518 U.S. at ----, 116 S.Ct. at 2053-54. Here, the district court's reliance on the three invalid factors appears to have been at least as great as its reliance on the single valid factor. In this circumstance, we cannot say with any confidence that the district court would have imposed the same sentence absent reliance on the invalid factors. We, therefore, must vacate the sentence and remand for resentencing. If the district court departs on resentencing, it should clearly articulate each ground on which it is relying in departing and the extent to which the departure is based on that ground.
 
 
 11
 Accordingly, the sentence is VACATED and REMANDED.
 
 
 12
 ALDISERT, Circuit Judge, Dissenting.
 
 
 13
 I agree with the majority's statement that "[w]hen a district court bases a departure on both valid and invalid factors, we must remand unless the court would have imposed the same sentence absent reliance on the invalid factors." Typescript Maj. Op. at 4 (citing Koon, 518 U.S. at ----, 116 S.Ct. at 2053-2054). Unlike the majority, however, I believe that at least two of the factors relied upon by the district court in departing upward were proper, and that the district court would have imposed the same sentence relying on those factors only. Accordingly, I dissent.
 
 
 14
 Specifically, I agree with the majority that the district court properly departed upward based on Serrano's treatment of his son. I disagree, however, with the majority's conclusion that the district court's reliance on four "convictions" too old to be considered by the Guidelines was error. On this point, the district court partially misread the record. Of the four incidents listed on Serrano's F.B.I. report not used in computing his sentence, only his July 1971 arrest for sale of narcotics resulted in a conviction. Nevertheless, Serrano's two past drug arrests and one remote drug conviction are bases for upward departure.
 
 
 15
 Serrano's prior drug arrests are not in the "heartland" of the Guidelines' criminal history determination, because only previous sentences, not previous arrests, are used to determine a defendant's criminal history category. See U.S.S.G. § 4A1.1. Rather, the Guidelines permit departure based on "prior similar adult criminal conduct not resulting in a criminal conviction." U.S .S.G. § 4A1.3(e). Serrano's prior drug arrests are similar in nature to his current conviction because all were drug offenses. This establishes a pattern of conduct not accounted for in calculating his criminal history. See United States v. Montenegro-Rojo, 908 F.2d 425, 430 (9th Cir.1990). In addition, even though one of Serrano's previous drug arrests resulted in a conviction, the Guidelines Application Notes expressly contemplate upward departure when a remote prior conviction provides "evidence of similar ... criminal conduct." U.S.S.G. § 4A1.2 Application Note 8. Because these drug arrests and remote conviction fall squarely within the Guidelines' permissible departure criteria, the district court did not abuse its discretion in basing its upward departure on them.
 
 
 16
 What divides this panel is that the majority is not confident under the teachings of Koon that the district court "would have imposed the same sentence absent reliance on the invalid factors." 518 U.S. at ----, 116 S.Ct. at 2053-2054. In my view, however, the district court articulated two valid reasons for departing: prior, remote arrests and a conviction for similar criminal conduct and Serrano's treatment of his son. Based on these factors and my meticulous examination of the record as a whole, in which the district court concluded that Serrano is "committed to a life of crime" and that "the likelihood of recidivism is extremely high," I predict that upon remand the district court will impose the same sentence. It is also my prediction that another appeal will follow, the energies of three more appellate judges will be devoted needlessly to reexamining this case and those judges will affirm. I would affirm the sentence of the district court now.
 
 
 
 **
 The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 An upward departure under U.S.S.G. § 4A1.3 is warranted "when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." U.S.S.G. § 4A1.3. The district court believed that both of these factors warranted an upward departure