**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**G.L., Defendant–Appellant.**

**No. 97–30228.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 1998.

Decided May 12, 1998.

1250

Timothy J. Cavan, Assistant Federal Public Defender, Billings, MT, for defendant-appellant.

Klaus P. Richter, Assistant United States Attorney, Billings, MT, for plaintiff-appellee.

Before: HUG, Chief Judge, REINHARDT, Circuit Judge, and REED,* District Judge.

REED, District Judge:

G.L. (hereinafter, "Defendant"), a juvenile and an enrolled member of the Northern Cheyenne tribe, was convicted of involuntary manslaughter and three counts of auto theft, and now appeals his conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291, and the district court had jurisdiction under 18 U.S.C. § 1153(a). We affirm his sentence in part, vacate the remainder, and remand for resentencing. We affirm Defendant's conviction for involuntary manslaughter in a separate unpublished memorandum.

## BACKGROUND

During the early morning of July 20, 1996, Defendant stole three motor vehicles from residences on the Northern Cheyenne Reservation near Lame Deer, Montana. He wrecked two of the vehicles shortly after stealing them. As he was driving off with the third automobile, he struck and killed Chase Yellowrobe. Defendant continued without stopping, rolled the stolen car a few miles further on, suffering injuries in the process, and was arrested and taken to the hospital.

The government charged him under the Juvenile Delinquency Act, 18 U.S.C. § 5032, with three counts of theft in violation of 18 U.S.C. § 661, and one count of involuntary manslaughter in violation of 18 U.S.C. § 1112. After a two-day bench trial, the district court on June 5, 1997 held that Defendant would have been found guilty on all counts if charged as an adult, and therefore adjudged him delinquent. The district court departed upward by sentencing Defendant to detention until his twenty-first birthday.

Defendant timely appealed.

* Honorable Edward C. Reed, Jr., Senior United States District Judge, District of Nevada, sitting by designation.

## DISCUSSION

The maximum term of imprisonment to which a juvenile may be sentenced is the lesser of the date when the juvenile turns 21 and the maximum term of imprisonment which would be authorized if the juvenile had been tried and convicted as an adult. 18 U.S.C. § 5037(c)(1). The Supreme Court has held that the latter is calculated by reference to the Sentencing Guidelines, so that a court sentencing a juvenile must "determine an appropriate Guideline range in juvenile-delinquency proceedings." *United States v. R.L.C.*, 503 U.S. 291, 306, 112 S.Ct. 1329, 1338–39, 117 L.Ed.2d 559 (1992). Because Defendant committed his crimes in July 1996 and was sentenced in July 1997, the sentencing court calculated a Guidelines sentence using the November 1, 1995 version of the Sentencing Guidelines.

The district court calculated Defendant's sentence as follows. First, the three theft counts grouped together under U.S.S.G. § 3D1.2(d), but the involuntary manslaughter count did not group with them. Second, the base offense level for the thefts was 9, as determined by the total value of property lost under § 2B1.1(b)(1) and § 3D1.3(b), and the base offense level for the manslaughter was 14, as determined by § 2A1.4(a)(2). Third, the combined offense level under § 3D1.4 was 15–that is, 14 for the manslaughter plus 1 additional level to account for the thefts. As explained further below, the court then departed upward six levels in two separate steps for a total offense level of 21.

Defendant had no convictions of record at the time of sentencing, and thus had zero criminal history points. As explained further below, the court departed upward four criminal history points in three separate steps, placing Defendant in criminal history category III. The corresponding Guideline range was 46–57 months; the court sentenced Defendant to detention until his twenty-first birthday, a period of about 49 months.

Defendant challenges the court's departures.

## I. Standard of Review

 A district court's decision to depart from the Sentencing Guidelines range is reviewed for abuse of discretion. *United States v. Sablan,* 114 F.3d 913, 916 (9th Cir.1997) (en banc), *cert. denied,* —— U.S. ——, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998). This standard also applies where the court departs from a criminal history category. *United States v. Goshea,* 94 F.3d 1361, 1363 (9th Cir.1996). Although a district court abuses its discretion when it makes an error of law, our abuse of discretion standard includes review to determine whether the district court's discretion was guided by erroneous legal conclusions. *Koon v. United States,* 518 U.S. 81, 98–102, 116 S.Ct. 2035, 2047–48, 135 L.Ed.2d 392 (1996).

## II. Offense Level–Inadequate Punishment for Multiple Counts

 Incorporating by reference the relevant paragraphs of the Presentence Report, the court departed upward two offense levels, explaining its departure as follows:

> By [grouping and combining offenses pursuant to § 3D1], the actual conduct of the defendant is not adequately reflected in the base offense level with the multiple count adjustment. Grouping the counts only results in a one level increase in the base offense level, thereby reducing the severity of the offenses to only a minor increase. This type of conduct should result in a higher offense level.

The court further noted that this rationale warranted departure under § 5K2.0 as an aggravating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission.

 Defendant challenges the upward departure as an abuse of discretion. On the record before us, to which we are limited in reviewing sentencing decisions, we agree. *United States v. Green,* 105 F.3d 1321, 1322 (9th Cir.1997) (sentencing court's rationale must be "sufficiently specific ... to allow appellate review"); *United States v. Henderson,* 993 F.2d 187, 189 (9th Cir.1993) (appellate court analyzes the reasons actually given by the sentencing court). A sentencing court engages in a four-step departure analysis: 1) it identifies what features of the case potentially take it outside the Guidelines'

"heartland" and make of it a special or unusual case, 2) it determines whether the Commission has forbidden departures based on those features, 3) if not, it determines whether the Commission has encouraged departures based on those features, and 4) if not, it determines whether the Commission has discouraged departures based on those features. *Sablan,* 114 F.3d at 916. If the special features are forbidden bases for departure, the sentencing court cannot use them to depart; examples are race, sex, national origin, creed, religion, socioeconomic status, lack of guidance as a youth, drug or alcohol dependence, and economic hardship. *Id.* at 916–17; *United States v. Mendoza,* 121 F.3d 510, 513 (9th Cir.1997). If the special factors are encouraged, the court is authorized to depart if the applicable Guideline does not already take them into account; an example is found in *Sablan* itself, where we held that physical injury and property damage are "approved" as grounds for departure by § 5K2.2 and § 5K2.5. *Sablan,* 114 F.3d at 917. If the special factors are discouraged, or encouraged but already taken into account by the applicable Guideline, the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present; an example appears in *United States v. Stein,* 127 F.3d 777, 779–80 (9th Cir.1997), where we held that the Guidelines' suggestion that "upward departure might be warranted" permits departure only where the case falls outside the heartland of the Guidelines. *Id.*

The sentencing court did not employ this scheme in its departure decision, although *Sablan* had been decided prior to Defendant's date of sentencing. However, the district court did identify one feature of this case which potentially takes it outside the Guidelines' heartland-namely, the inadequate additional punishment for the automobile thefts arising from the Guidelines' grouping and combining calculus. The background notes to § 3D1.4 suggest that departure on such a ground is not forbidden and is already taken into account by the applicable Guideline: "Situations in which there will be inadequate scope for ensuring appropriate additional punishment for the additional crimes

are likely to be unusual and can be handled by departure from the guidelines."

■ Because additional punishment for additional crimes is already taken into account by the applicable Guideline, and because the pertinent language of § 3D1.4's background notes is analogous to the pertinent language in *Stein*, we conclude that "the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *Sablan*, 114 F.3d at 917. This case presents no such "exceptional degree" of sentencing inadequacy.

The theft counts did result in a sentencing range higher than that warranted by the manslaughter count alone, albeit only by one offense level. This is to be expected in every case where § 3D1.4 applies and where one group represents conduct markedly more serious than that represented by the other group or groups. Moreover, we do not agree with the sentencing court's conclusion that "[t]his type of conduct should result in a higher offense level." Surely involuntary manslaughter predominates in seriousness over the theft and destruction of three relatively inexpensive cars, and even if the district court thought otherwise, that is not a sufficient reason to depart. U.S.S.G. § 5K2.0, comm. ("dissatisfaction with the available sentencing range ... is not an appropriate basis" for departure). Our conclusion is bolstered by our holding in *United States v. Luscier*, 983 F.2d 1507 (9th Cir. 1993), where we found a departure on similar grounds unjustified. In *Luscier*, the defendant had committed two assaults as well as second degree murder, and the Guidelines calculation nullified the assaults for sentencing purposes. *Id.* at 1513. The district court departed, partially on the ground that the lack of additional punishment for the assaults was inadequate; we reversed, observing that the Guidelines permit sentencing in the upper end of the range to compensate for a lack of additional punishment for crimes "overshadowed by the far more serious crime of murder." *Id.* at 1514. Similarly, the three thefts here are overshadowed by the far more serious crime of involuntary manslaughter, and under *Luscier* the correct course is a sentence in the upper regions of the Guidelines range rather than departure.

The district court abused its discretion in departing upward on the grounds of inadequate additional punishment.

### III. Offense Level–Destruction of Property

■ Incorporating by reference the relevant paragraphs of the Presentence Report, and reasoning by analogy with U.S.S.G. § 2B1.3, the court departed upward four offense levels. Omitting those portions duplicative of the separate two level departure discussed in section II, *supra*, it explained the four level departure as follows:

> This youth stole three different cars ... He wrecked two of the vehicles.... There is very little hope of these people recovering any of their losses due to lack of assets or income. These families also lost their only transportation for the time being and had to rely on others for transportation.
>
> ...
>
> Had the youth not wrecked the cars and they had been returned in proper condition, he would have received the same guideline range.

As with the two level departure, Defendant challenges this four level departure as an abuse of discretion, and as with the two level departure, we agree. Although property damage is an encouraged ground for departure, in the Ninth Circuit a sentencing court is forbidden from departing under § 2B1.1 on account of consequential losses arising from property damage. *Sablan*, 114 F.3d at 917 (property damage is an "approved" ground for departure under U.S.S.G. § 5K2.5); *United States v. Dayea*, 32 F.3d 1377, 1382 (9th Cir.1994) ("property damage or loss" means only loss of property, and not consequential financial losses). *But see United States v. Newman*, 6 F.3d 623, 630 (9th Cir.1993) (consequential losses may be grounds for upward departure under § 2B1.3). Moreover, to the extent the district court departed because "had [Defendant] not wrecked the cars and they had been returned in proper condition, he would have received the same guideline range," it is

clear that the Guidelines adequately take this fact into account. U.S.S.G. § 2B1.1, Application Note 2 ("In the case of a defendant apprehended taking a vehicle, the loss is the value of the vehicle even if the vehicle is recovered immediately."). Indeed, whether the stolen items are recovered is irrelevant under § 2B1.1. *United States v. Choi,* 101 F.3d 92, 93 (9th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1255, 137 L.Ed.2d 335 (1997).

The reasons offered for departing upward four levels are insufficient as a matter of law. We therefore find that the district court abused its discretion in departing upward on the ground of property damage. *See Henderson,* 993 F.2d at 189 (appellate court analyzes the reasons actually given by the sentencing court).

## IV. Criminal History Category

■■■ Incorporating by reference the relevant paragraphs of the Presentence Report, the sentencing court opined that a criminal history category of zero did not adequately reflect the seriousness of Defendant's past criminal conduct. Citing U.S.S.G. § 4A1.3, the court added four criminal history points, placing Defendant in category III, based on three factors:

1) in January 1996 Defendant threatened a school counselor at knifepoint,

2) in July 1996 Defendant shoplifted cigarettes in Billings, Montana, and

3) in December 1996 and January 1997, while on pretrial release, Defendant tested positive for marijuana use five times, and in February 1997 was observed using marijuana on school grounds.

We analyze "horizontal" departures as we do other departures; that is, we must determine whether a particular case falls outside the heartland of § 4A1.1, the applicable Guideline. *See United States v. Rios–Favela,* 118 F.3d 653, 659 (9th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 730, 139 L.Ed.2d 668 (1998); *Henderson,* 993 F.2d at 189 ("An upward departure may be warranted when the defendant has committed crimes or conduct that the criminal history calculation instructions fail specifically to consider." (citation omitted)).

■■■ Defendant challenges these bases for departure on two grounds. First, he argues that juvenile criminal conduct only justifies upward departure when the conduct is similar to the conduct charged and results in a conviction. We have previously ruled that a conviction is unnecessary to justify a departure, *United States v. Ponce,* 51 F.3d 820, 828 (9th Cir.1995). Whether juvenile criminal conduct must be similar to the instant crime, though, merits attention. Defendant bases his first argument on this point on *United States v. Smallwood,* 35 F.3d 414, 417 (9th Cir.1994), in which this Court adopted the holding of *United States v. Samuels,* 938 F.2d 210, 215 (D.C.Cir.1991): a departure based on otherwise unaccounted-for juvenile conduct may be appropriate if the juvenile conviction was for conduct similar to the instant offense. This holding was in turn based on the pre–1992 version of § 4A1.2, which counts juvenile convictions in an adult's Criminal History Category if they are less than five years old. U.S.S.G. § 4A1.2(d)(2) & Application Note 8. In both *Smallwood* and *Samuels,* though, the age of the relevant juvenile conduct (i.e., more than five years) was what kept it out of the defendants' Criminal History categories; by contrast, in the present case the barrier to consideration is lack of conviction and sentence, not age. Consequently, Application Note 8 to § 4A1.2 is inapplicable to this case and therefore does not interpose a "similarity" requirement on conduct forming the basis for departure. Defendant bases his second argument on this point on § 4A1.3(e), which permits departure where the sentencing court possesses reliable information concerning "prior similar adult criminal conduct not resulting in a criminal conviction." What Defendant overlooks, however, is that the "reliable information" listed in § 4A1.3 (of which paragraph (e) is one example) is by its own terms neither exclusive nor exhaustive. *United States v. Schweihs,* 971 F.2d 1302, 1319 (7th Cir.1992). As a result, § 4A1.3(e) *does not* mandate that prior criminal conduct be either similar or adult to warrant departure. *Id.*

■■■ Instead, the question in horizontal departures is whether reliable information demonstrates that the Criminal History Category "does not adequately reflect the seri-

ousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. Because "the Sentencing Guidelines specifically contemplate" this problem, departure on this basis is encouraged, and a sentencing court is authorized to depart so long as the "seriousness of criminal history" or "likelihood of recidivism" elements are satisfied. § 4A1.3, Commentary; *Rios–Favela*, 118 F.3d at 658. In this case, assault with a deadly weapon is conduct serious enough to justify a departure. *See United States v. Beasley*, 90 F.3d 400, 403 (9th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 533, 136 L.Ed.2d 418 (1996) (assault with force is a serious offense). However, neither marijuana use nor a single shoplifting charge are serious enough, or, taken together, sufficiently demonstrate a likelihood that Defendant will commit other crimes, to warrant an upward departure in criminal history. *E.g., McLeod v. Dep't of the Army*, 714 F.2d 918, 922 (9th Cir.1983) (possession of relatively small amount of marijuana "not serious").

■ Defendant further argues that the information the court relied on in departing upward was not "reliable," as required by § 4A1.3. We have held that information is reliable for § 4A1.3 purposes if it comes from percipient witnesses during trial or from evidence presented at a sentencing hearing. *Ponce*, 51 F.3d at 828; *United States v. Myers*, 41 F.3d 531, 534 (9th Cir.1994). We have also held that although a "prior arrest record" by itself is not reliable, a "police record"—which "covers all aspects of a prosecuted offense" and "detail[s][ ] underlying conduct during [an] offense"—is reliable information. *United States v. Durham*, 995 F.2d 936, 938 & n. 1 (9th Cir.1993). The court's data on the assault charge came from a detailed file from the Tribal Court; indeed, it appears Defendant was convicted on the assault charge in February 1997 but not sentenced pending disposition of the federal charges. Furthermore, the record does not show that Defendant objected to this information's reliability at his sentencing hearing.

The information on the assault charge in the Presentence Report is reliable enough to satisfy *Durham*, and the assault itself is serious enough to satisfy § 4A1.3. We therefore affirm the two point departure based on the assault, but vacate as an abuse of discretion the one point departure based on Defendant's marijuana use and the one point departure based on shoplifting.

## V. Maximum Term of Detention

■ Defendant's final argument is that under *R.L.C.*, 503 U.S. at 306, 112 S.Ct. at 1338–39, the maximum term of detention for a juvenile is limited to the lesser of the maximum term authorized by the Sentencing Guidelines, or the juvenile's twenty-first birthday. Where departure from the Guidelines is warranted, however, the first of these two caps may be increased in the same manner as a similarly situated adult's. *Id.* at 307, 112 S.Ct. at 1339. *R.L.C.* thus presents no barrier to a term of detention in excess of 24 months, so long as that term does not run beyond the juvenile's twenty-first birthday.

### CONCLUSION

We affirm the district court's two point upward criminal history departure for past criminal conduct not adequately represented in criminal history. We vacate the district court's two point upward criminal history departure for marijuana use and shoplifting, and six point upward offense level departure for property damage and inadequacy of punishment, and remand for resentencing.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.