**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Armando COLLAZO–CERVANTES, Defendant—Appellant.**

**No. 03–10289.**

United States Court of Appeals, Ninth Circuit.

Submitted: Jan. 7, 2004.*

Decided: June 24, 2004.

Thomas E. Flynn, AUSA, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff-Appellee.

Ann H. Voris, Esq., Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Jose Collazo–Cervantes appeals from his sentence of 57 months following his guilty plea to being a deported alien found in the United States without permission, in violation of 8 U.S.C. § 1326. He argues that the court erred in relying on police records of past offenses in deciding not to depart downward.

We do not have jurisdiction to review a district court's discretionary refusal to depart downward. *See United States v. Ruiz,* 536 U.S. 622, 627, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). We may, however, review a sentence "imposed in violation of law." 18 U.S.C. § 3742(a)(1). As we always have the jurisdiction to determine our own jurisdiction, *see Ruiz,* 536 U.S. at 628, 122 S.Ct. 2450, we address the merits below, conclude that the sentence was not imposed in violation of law, and dismiss the appeal for lack of jurisdiction.

"[A]lthough a 'prior arrest record' by itself is not reliable, a 'police record'—which 'covers all aspects of a prosecuted offense' and 'detail[s][ ] underlying conduct during [an] offense'—is reliable information." *United States v. G.L.,* 143 F.3d 1249, 1255 (9th Cir.1998) (quoting *United States v. Durham,* 995 F.2d 936, 938 & n. 1 (9th Cir.1993)). The police record in this case was detailed and complete, and Colla-

---

zo–Cervantes had been convicted of the assault offense. The district court did not err in considering the police record.

DISMISSED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.