# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1098

_____

United States of America,           \*

                          \*

          Appellee,         \*

                          \*   Appeal from the United States

     v.                  \*   District Court for the

                          \*   Northern District of Iowa.

Bradley Yahnke,              \*

                          \*

          Appellant.

_____

Submitted: November 18, 2004

Filed: February 1, 2005 (Corrected March 22, 2005)

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Bradley Linn Yahnke pleaded guilty to maintaining a place for manufacturing, storing, distributing, and using methamphetamine, in violation of 21 U.S.C. § 856 and 18 U.S.C. § 2. In the presentence investigation report, he received a total offense level of 17, with a criminal-history category of five points, or category III, according to the United States Sentencing Guidelines. The district court,[1] sua sponte, upwardly departed two criminal-history categories, sentencing Yahnke to 57 months, plus three years supervised release and a $100 special assessment. Yahnke attacks not the

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

legality of the guidelines, but only the final sentence. Jurisdiction being proper under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, this court affirms.

Before *United States v. Booker*, 125 S.Ct. 738, 2005 WL 50108 (Jan. 12, 2005), this court reviewed de novo whether the district court based an upward departure on a permissible factor. *See **United States v. Flores***, 336 F.3d 760, 763 (8th Cir. 2003), *citing* **PROTECT Act**, Pub. L. No. 108-21, § 401(d), 117 Stat. 650 (2003) (amending **18 U.S.C. § 3742(e)**). The "sentencing court's factual findings [were then] . . . review[ed] for clear error and the reasonableness of a permissible departure for abuse of discretion." ***Id.***

The Supreme Court in *Booker* excises section 3742(e) and any de novo review of sentences. *See **Booker***, 2005 WL 50108, at *24-25. This court now reviews sentences for "unreasonable[ness]." ***Id.*** at *25.

> Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts . . . in determining whether a sentence is unreasonable.
> . . . .
> . . . The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. *See* 18 U.S.C.A. §§ 3553(a)(4), (5) (Supp. 2004). . . . The courts of appeals review sentencing decision for unreasonableness.

*Id.* at *25, 27 (internal citation omitted).

In this case, the district court followed U.S.S.G. § 4A1.3(a), finding Yahnke's criminal-history category substantially underrepresented the seriousness of his criminal history and the likelihood of recidivism. After *Booker*, this court determines whether a sentence is unreasonable based on the factors in section 3553(a). Two of

those factors are "the history and characteristics of the defendant" and the "need . . . to protect the public from further crimes of the defendant." **18 U.S.C. § 3553(a)(1), (a)(2)(C)**. Although the district court labeled its reasons in terms of the sentencing guidelines, the sentence is based on a consideration of the factors in section 3553(a).

The district court based a one-category departure on Yahnke's prior second-degree murder conviction, despite the crime's prior consideration in computing his criminal history. As Yahnke notes, other circuits applied section 4A1.3 only "when the defendant has committed crimes or conduct that the criminal history calculation instructions . . . fail specifically to consider." *See* ***United States v. Henderson***, 993 F.2d 187, 189 (9th Cir. 1993), *quoting* ***United States v. Morrison***, 946 F.2d 484, 496 (7th Cir. 1991), *cert denied*, 506 U.S. 1039 (1992). *But compare* ***United States v. Rivera***, 879 F.2d 1247, 1255 (5th Cir.) (approving upward departure for murder that also increased criminal-history points), *cert denied*, 493 U.S. 998 (1989).

The district court's interpretation of section 4A1.3 is reasonable. Neither the guidelines nor the commentary prohibit considering convictions also used to award criminal-history points. Treating alike defendants with similar criminal histories (or likelihood to recidivate) is based on the factors in section 3553(a). *See* **18 U.S.C. § 3553(a)(2)(C), (a)(6)**. Thus, some categories of crimes, such as murder, would be underrepresented by an inflexible 3-point addition for any sentence over one year and one month. *See* **U.S.S.G. § 4A1.1(a)**.

Yahnke was previously sentenced to 50 years for murder, and paroled after serving only about 7 years. The violent nature of the murder conviction, the length of the sentence, and the time actually served support a finding that Yahnke's criminal-history category substantially underrepresented the seriousness of his criminal history. *See* **18 U.S.C. § 3553(a)(1), (a)(2)(C)**.

The district court also found that Yahnke's parole violations and other uncharged criminal conduct justified an increase in his criminal history. The guidelines suggest that a district court increase a defendant's criminal history based upon information of uncharged criminal conduct similar to the instant offense—which a district court would now consider as part of the "defendant's history" and "recidivism" factors. *See* **18 U.S.C. § 3553(a)(1)**, **(a)(2)(C)**; **U.S.S.G. § 4A1.3(a)(2)(E)**.

The district court found that Yahnke had four parole violations, including three failed urinalysis tests.[2] Yahnke also admitted numerous other incidents of criminal conduct—all drug-related but not charged—for which he originally received no criminal-history points. The district court reasonably considered Yahnke's continued drug-related, uncharged conduct as proof that his criminal-history category substantially underrepresented the seriousness of his criminal history and potential for recidivism. *See* **18 U.S.C. § 3553(a)(1)**, **(a)(2)(C)**.

The district court assessed Yahnke one criminal-history category for the murder conviction. The district court then evaluated the parole violations and uncharged conduct as if each instance resulted in a conviction. ***United States v. Leaf***, 306 F.3d 529, 533 (8th Cir. 2002) (increase in criminal-history category upheld where the

---

[2]Yahnke asserts that the record does not show the violations resulted in conviction, as the district court assumed. However, the district court was not required to find that the parole violations resulted in conviction, because Yahnke admits the violations occurred, both by not objecting to the presentence investigation report and in his brief to this court. *See **Booker***, 2005 WL 50108, at *16 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); *see also **United States v. Beatty***, 9 F.3d 686, 690 (8th Cir. 1993) (district court may accept as true all undisputed factual statements in a presentence investigation report).

district court evaluated each instance of uncharged conduct as if resulting in a conviction). The court concluded that, although the parole violations and uncharged conduct "would, individually, warrant an upward departure by a full criminal history category," it would depart only one additional category. *United States v. Yahnke*, 297 F.Supp.2d 1173, 1195 (N.D. Iowa 2003). Based on the record, the district court's sentence is reasonable and not an abuse of discretion.

The sentence imposed by the district court is affirmed.

_____