# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2837

———————

United States of America,

        Appellee,

v.

Jorge Eduardo Pablo-Lepe, also known
as Jorge Lopez Cortez,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*     [UNPUBLISHED]
\*
\*

———————

Submitted:  March 17, 2005
Filed:  March 31, 2005

———————

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

———————

PER CURIAM.

In this direct criminal appeal, Jorge Pablo-Lepe challenges the sentence the district court[1] imposed after he pleaded guilty to an immigration offense. He argues that (1) the district court erred in holding the federal Sentencing Guidelines unconstitutional; and (2) even if the Guidelines are unconstitutional, the court erred by imposing a discretionary sentence that was unguided by the applicable Guidelines range.

———————

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

These arguments fail. First, during the pendency of this appeal, the Supreme Court held in United States v. Booker, 125 S. Ct. 738, 765-67 (2005), that the federal Sentencing Guidelines are unconstitutional insofar as they are mandatory, and thus they are merely advisory; and that appellate courts should review post-Booker sentences for reasonableness. Second, we find that the sentence imposed was neither unguided nor unreasonable. The district court took the Guidelines into account by recognizing the Guidelines range, see United States v. Yahnke, 395 F.3d 823, 824 (8th Cir. 2005) (district courts, while not bound by Guidelines, must take them into account in sentencing), but the court chose to impose a higher sentence based on Pablo-Lepe's history and characteristics, and the need to protect the public from future harm by him, see Booker, 125 S. Ct. at 764-65 (18 U.S.C. § 3553(a) guides appellate determination of reasonableness); Yahnke, 395 F.3d at 825-26 (affirming, as reasonable, sentence based on § 3553(a) factors of history and characteristics of defendant and need to protect public).

Accordingly, we affirm.

_____