**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Abdulah ZARGAR, Defendant—
Appellant.**

No. 03–10049.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Ashley Adams–Feldman, Phoenix, AZ, for Plaintiff–Appellee.

Douglas C. Erickson, Maynard Murray Cronin & O'Sullivan, P.L.C., Phoenix, AZ, for Defendant–Appellant.

Before: O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM **

Abdulah Zargar appeals his 105–month sentence imposed after this court vacated his original sentence and remanded for re-sentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we remand for re-sentencing under the advisory guidelines.

Zargar contends that the district court erred in departing upward one criminal history category pursuant to U.S.S.G. § 4A1.3(e) based on past criminal conduct that was dissimilar to the crimes in the underlying conviction and was not supported by reliable evidence. We disagree. As we recognized in *United States v. G.L.*, 143 F.3d 1249, 1254 (9th Cir.1998), "[U.S.S.G.] § 4A1.3(e) does not mandate that prior criminal conduct be either similar or adult to warrant departure." *Id.* Moreover, we cannot say that the district court abused its discretion by departing upwards one criminal history category based on insufficient or unreliable evidence. *See United States v. Marin–Cuevas*, 147 F.3d 889, 894–95 (9th Cir.1998).

Although we agree that the district court was within its discretion to depart upward one criminal history category pursuant to U.S.S.G. § 4A1.3 under the then mandatory sentencing guidelines, we cannot automatically affirm Zargar's sentence because the Sentencing Guidelines are no

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

longer mandatory. *See United States v. Booker,* — U.S. —, ———, 125 S.Ct. 738, 764–67, 160 L.Ed.2d 621 (2005). We remand Zargar's sentence pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005), for the district court to determine whether it would have sentenced Zargar differently under the now-advisory federal sentencing guidelines. If so, the district court shall vacate Zargar's sentence and re-sentence him under the post-*Booker* advisory Guidelines. If not, Zargar's sentence shall remain undisturbed. *See United States v. Hermoso-Garcia,* 413 F.3d 1085 (9th Cir.2005).

Zargar's motion for leave to file a reply brief is granted. The Clerk is directed to file the reply brief that was received on October 28, 2003.

Sentence REMANDED.

[redacted]

[redacted]

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.