# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1406

_____

United States of America,         *
                                   *

        Appellee,           *
                                   *   Appeal from the United States

v.                                 *   District Court for the Western
                                   *   District of Arkansas.

Gary Dwayne Dunning,     *
                                   *         [UNPUBLISHED]

       Appellant.         *

_____

Submitted: November 14, 2005
Filed: December 30, 2005

_____

Before ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Gary Dwayne Dunning (Dunning) appeals the sentence imposed by the district court[1] following his plea of guilty to one count of knowingly distributing more than five grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). We affirm.

At the sentencing hearing, the district court found Dunning was a career offender pursuant to U.S.S.G. § 4B1.1, based on his prior convictions for burglary of a residence and possession of methamphetamine with intent to deliver, and enhanced

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

Dunning's total offense level by six levels. Dunning had twenty-two criminal history points establishing a criminal history category of VI. Dunning did not object to the Presentence Report or its calculations. The district court granted a three-level reduction in offense level in response to the government's downward departure motion.

Because sentencing occurred after the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court stated it was not bound by the Guidelines and considered them advisory. The district court then sentenced Dunning to 120 months' imprisonment, twenty months below the low end of the Guidelines' 140- to 175-month range.

Dunning appeals, arguing the district court violated his Sixth Amendment right under Blakely v. Washington, 542 U.S. 296 (2004), and Booker, by finding facts supporting application of the career offender Guideline rather than submitting those facts to a jury for determination. We review a challenged sentence for unreasonableness, judging the sentence in light of the factors in 18 U.S.C. § 3553(a). Booker, 125 S. Ct. at 767; United States v. Yahnke, 395 F.3d 823, 824 (8th Cir. 2005).

Dunning claims the district court improperly found facts regarding Dunning's "propensity for violence and the perceived lack of prison time served." On the contrary, the district court merely found Dunning had two prior convictions supporting application of the career offender Guideline. Dunning does not dispute the existence of these prior convictions. Booker instructs that a district court need not submit the fact of a prior conviction to a jury to support a sentence. Booker, 125 S. Ct. at 756; see also Almendarez-Torres v. United States, 523 U.S. 224 (1998). Accordingly, there was no Sixth Amendment violation in applying the Guidelines.

The district court reduced Dunning's sentence twenty months below the advisory Guideline range based on its belief the career offender enhancement unfairly over-penalized Dunning. The district court referenced (1) the "borderline on the drug amount" and (2) the difference between a Guidelines career offender and an offender of the statutory Armed Career Criminal Act. 18 U.S.C. § 924(e). Reviewing the record in light of the sentencing factors in 18 U.S.C. § 3553(a), we conclude the district court did not commit error and Dunning's sentence is reasonable. See United States v. Hadash, 408 F.3d 1080, 1082 (8th Cir. 2005).

For the foregoing reasons, we affirm Dunning's sentence.

_____