**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kevin Delonor SPEARS, Defendant— Appellant.**

**No. 05–50380.**

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2006.*

Decided March 23, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Leila W. Morgan, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: THOMAS, and TALLMAN, Circuit Judges, and FITZGERALD,** District Judge.

## MEMORANDUM ***

Kevin Delonor Spears appeals the sentence imposed following his guilty plea conviction for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960.

The Presentence Report calculated a United States Sentencing Guidelines range of 12 and a Criminal History Category of

---

** The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. 36–3.

IV. The Presentence Report concluded that Spears' case warranted a sentence of 27 months. In his sentencing memorandum, Spears requested a 15–month sentence and the government recommended a range of 15 to 21 months.

The district court initially found a base offense level of 16, but reduced the level a total of six points because Spears played only a minor role in the offense, accepted responsibility, and accepted a "fast track" Plea. The district court stated that a reasonable sentence required an upward departure of four levels because of aggravating circumstances, such as Spears' arrest three days prior to the instant offense for alien smuggling, his decision to seek out a recruiter in order to commit the instant offense, and the fact that Spears was subject to two outstanding arrest warrants. The district court also concluded that Spears represented a threat to society. The district court then departed upward and set the base offense level at 14.

The district court also found that a Criminal History Category of IV misrepresented the seriousness of Spears' criminal background. The district court noted that Spears had been involved in criminal activity since he was 15 years old, and that many of his crimes occurred before they could have been scored under the guidelines. After finding that Spears had an extremely bad record, the district court departed upward to a Criminal History Category of V.

The district court found that the Guideline range for an adjusted base offense level of 14 and a Criminal History Category of V was 33–41 months. Pursuant to 18 U.S.C. § 3553(a), the district court imposed a sentence of 36 months in prison and three years supervised release.

■ The district court erred in failing to provide adequate notice of its intent to depart from the United States Sentencing Guidelines in sentencing Spears. See Fed. R.Crim.P. 32(h). Spears failed to object to the inadequate notice at sentencing; therefore, plain error review applies. See United States v. Hernandez, 251 F.3d 1247, 1250 (9th Cir.2001).

Spears bears the burden of demonstrating that his substantial rights were affected. See United States v. Ameline, 409 F.3d 1073, 1078 (9th Cir.2005). Thus, Spears must demonstrate "that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." Id. (citation and internal quotation marks omitted)

Spears argues that given adequate notice of the district court's intent to depart upward, he could have explained his criminal history and his efforts to rehabilitate himself. Spears' argument, however, is utterly void of specifics. He argues that he can explain his criminal history, but offers nothing as to what the explanations might entail. Spears has not established the probability of a different result sufficient to undermine the confidence in the proceedings. Accordingly, although the district court committed plain error, the error did not affect Spears' substantial rights.

■ Spears also argues that the district court abused its discretion in departing upward. The district court enumerated sufficient grounds for concluding that the Guidelines did not adequately account for the aggravating circumstances in Spears' case. Accordingly, upward departure was appropriate under Section 5K2.0. See United States v. Thompson, 315 F.3d 1071, 1074 n. 1 (9th Cir.2002) (citations omitted); United States v. Bell, 303 F.3d 1187, 1192 (9th Cir.2002).

■ The district court also articulated sufficient circumstances for an upwards

departure under Section 4A1.3 of the Guidelines. *See United States v. G.L.,* 143 F.3d 1249, 1255 (9th Cir.1998); *United States v. Beasley,* 90 F.3d 400, 403 (9th Cir.1996).

█ Finally, under *United States v. Booker,* 543 U.S. 220, 260–61, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), appellate courts are to review sentences for reasonableness. The record establishes that the district court knew the enumerated factors in 18 U.S.C. § 3553(a), considered them, and sentenced defendant accordingly.

AFFIRMED.