# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1451

_____

United States of America,          *
                                  *

          Appellee,        *

                                  *   Appeal from the United States
       v.                     *   District Court for the Western
                                  *   District of Missouri.

Elizabeth S. Ortiz,            *

                                  *   [UNPUBLISHED]

          Appellant.       *

_____

Submitted: October 18, 2007
Filed: October 26, 2007

_____

Before BYE, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Elizabeth Ortiz appeals the sentence the district court[1] imposed after she pled guilty–without the benefit of a plea agreement–to one count of possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Ortiz qualified for the "safety valve" under § 5C1.2 of the U.S. Sentencing Guidelines due to the assistance she provided the police and her lack of criminal history. However, she was assessed a two-level enhancement under § 3C1.1 of the Guidelines for obstruction of justice because she absconded from supervision while

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

on pretrial release for approximately five years. Ortiz's advisory Guidelines range for her offense and criminal history was forty-six to fifty-seven months.

During her sentencing hearing, Ortiz requested a sentence below the advisory Guidelines range. She argued the two-level enhancement for obstruction of justice should not apply and the circumstances of her offense, personal history and characteristics justified a variance. The district court declined to grant Ortiz a variance and sentenced her to forty-six months, the bottom of the Guidelines range. On appeal, Ortiz argues the district court erred when it concluded it was required to consider the Guidelines as presumptively reasonable. She claims the meaning and import of the other statutory considerations enumerated in 18 U.S.C. § 3553(a) were undermined by the court's belief the Guidelines are presumptively reasonable.

We conclude the district court did not abuse its discretion in refusing to grant Ortiz a variance from the advisory Guidelines. See United States v. Yahnke, 395 F.3d 823, 826 (8th Cir. 2005) (equating a sentence that is "reasonable" with a sentence that is "not an abuse of discretion"); United States v. Thornberg, 326 F.3d 1023, 1026 & n.4. (8th Cir. 2003) (indicating a district court's determination that a sentence is reasonable is reviewed for abuse of discretion). The district court noted – not improperly – the Guidelines range is presumptively reasonable. It then, as the law requires, carefully considered the § 3553 (a) factors and decided a sentence of forty-six months was appropriate. The law permits this court to "presume a sentence imposed within a properly calculated United States Sentencing Guidelines range is a reasonable sentence." United States v. Rita, 127 S.Ct. 2456, 2459 (2007); see also United States v. Lincoln, 413 F.3d 716, 716 (8th Cir. 2005) (finding a sentence within the guidelines range is presumptively reasonable). Nothing in the record suggests the district court based its sentence on an improper or irrelevant factor or neglected to consider a relevant factor. See United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005).

We affirm the sentence.

_____