**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Armando GARCIA, aka Jose Armando Garcia-Espericueta, Defendant—Appellant.**

**No. 00-50359.**
**D.C. No. CR-99-02077-JNK.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2002.*

Decided Oct. 16, 2002.

Before REINHARDT, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Jose Garcia appeals the sentence imposed after he pled guilty to participating

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

in a conspiracy to bring in, transport and harbor illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(I)(ii), (iii), and (v)(I). Because the facts are familiar to the parties, we will not recite them in detail except as necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and affirm.

Garcia brings several challenges to the district court's calculations of his sentence under the United States Sentencing Guidelines. On issues arising under the Guidelines, review of the district court's factual findings is for clear error and review of its legal interpretations is de novo. *See United States v. Romero,* 293 F.3d 1120, 1123 (9th Cir.2002). A district court's application of the Guidelines to the facts of a case is reviewed for an abuse of discretion. *See United States v. Frega,* 179 F.3d 793, 811 n. 22 (9th Cir.1999). A district court's decision to depart upward is reviewed for an abuse of discretion. *Koon v. United States,* 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

Garcia first contends that the district court incorrectly calculated his Criminal History Category as a Level III, rather than a Level II. We disagree. A defendant falls into Level III if he has 4 to 6 points, and Level II with 2 or 3 points. *See* U.S.S.G. Ch. 5 Pt. A. Here, Garcia received three points for receiving stolen property on probation, and one point for driving on a suspended license, giving him 4 points and putting him into Criminal History Category Level III. Garcia had an additional offense for driving on a suspended license, which he urges should have been consolidated pursuant to U.S.S.G. § 4A1.2(a)(2) for purposes of determining his Criminal History Category level. Garcia's argument is a red herring; even if the offenses were consolidated, he already had sufficient points to fall into Level III.

Garcia next asserts that the district court abused its discretion by departing three levels from the Guidelines because 1,600 aliens were involved in the conspiracy. He contends that the departure constituted impermissible double counting because he had already received a nine-point enhancement for having more than 100 aliens pursuant to U.S.S.G. § 2L1.1(b)(2)(C). We disagree.

"Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Martin,* 278 F.3d 988, 1004 (9th Cir.2002) (citation omitted). In this instance, the Guidelines state: "If the offense involved substantially more than 100 aliens, an upward departure may be warranted." U.S.S.G. § 2L1.1, Application Note 4. Thus, an upward departure of three levels clearly does not constitute double counting, as the Guidelines specifically envisioned upward departures for large smuggling rings.

A three-level upward departure was reasonable, given that Garcia smuggled more than 1600 aliens, sixteen times the amount specified in order to receive the nine-level enhancement under U.S.S.G. § 2L1.1(b)(2)(C). *See United States v. Working,* 287 F.3d 801, 806 (9th Cir.2002) (every departure must be reasonable in extent given policy and structure of Guidelines). Furthermore, the government did not breach the plea agreement by seeking an upward departure based on the large number of aliens involved; the plea agreement explicitly provided that the government could seek such an upward adjustment.

Garcia's final contention is that the district court erred by granting a two-level enhancement based upon a substantial risk

to the aliens under U.S.S.G. § 2L1.1(b)(5). We disagree. U.S.S.G. § 2L1.1(b)(5) provides for a two-point enhancement if the "offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." Application Note 6 states that reckless conduct includes "carrying substantially more passengers than the rated capacity of a motor vehicle."

The district court awarded the enhancement after finding that under Garcia's leadership, the participants in the conspiracy transported 21 people in the back of a pick-up truck. Garcia does not point to any evidence that the district court's finding was in clear error, and this court has upheld enhancements where the number of aliens in a vehicle exceeded capacity and seatbelts were not worn. *See United States v. Angwin,* 271 F.3d 786, 809 (9th Cir. 2001); *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1027–28 (9th Cir. 2000). Thus, the district court did not abuse its discretion by granting a two-point enhancement on the grounds that the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person. U.S.S.G. § 2L1.1(b)(5).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.