UNITED STATES of America, Plaintiff—Appellant,

v.

Trimarca Dairia WILSON, aka Trimarca Dairic Cooper, Defendant—Appellee.

No. 01–30383.

D.C. No. CR–01–00081–RHW.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Nov. 21, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

### MEMORANDUM**

The Government challenges a four-level downward departure granted to Trimarca Dairia Wilson in his sentence for conviction of cocaine base distribution. The Government contends that the district court relied upon impermissible factors in making its downward departure. We hold that the district court failed to adequately explain the basis for its departure decision and, given its discussion of several impermissible factors, remand is required.

### DISCUSSION

A district court's decision to depart from the Guidelines is reviewed under the abuse of discretion standard. *See Koon v. United States,* 518 U.S. 81, 99, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Williams,* 291 F.3d 1180, 1191 (9th Cir. 2002) (per curiam). In *Koon,* the Supreme Court held that certain prohibited factors, such as race, may never support a departure from the sentencing guidelines, but made clear that a district court may depart based on any other factors encouraged by the guidelines or where "certain aspects of the case [are] unusual enough for it to fall outside the heartland of cases in the Guideline." *Koon,* 518 U.S. at 98. A sentencing court must "explain the reasoning for both the direction and degree of the departure in sufficiently specific language to allow appellate review." *United States v. Working,* 287 F.3d 801, 806 (9th Cir. 2002) (citations omitted).

In *Williams v. United States,* 503 U.S. 193, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992), the Court held that under 18 U.S.C. § 3742, if a district court makes a downward departure as a result of impermissible considerations, the sentence should be remanded "if the sentence would have been different but for the district court's error." *Id.* at 203. In making this determination, the reviewing court must examine the record as a whole to determine if the error was harmless. *Id.; see also Working,* 287 F.3d at 809 (departure based on valid and invalid factors requires remand unless appellate court satisfied that

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

district court would have imposed same sentence absent invalid considerations). Stray remarks or offhand references to impermissible factors will not warrant reversal where the record is clear that court was motivated primarily by valid considerations. *United States v. Green,* 152 F.3d 1202, 1209 (9th Cir.1998).

■ Wilson agrees that race is an impermissible factor that the court could not properly consider in making a downward departure. Further, he does not dispute the Government's assertion that the crack/powder distinction is an impermissible basis for a downward departure under *United States v. Berger,* 103 F.3d 67, 71 (9th Cir.1996). Given the sentencing colloquy, it should also be noted that any disparity that exists between federal and state sentencing schemes is also an impermissible departure consideration. *United States v. Williams,* 282 F.3d 679, 681–82 (9th Cir.2002).

The parties disagree in their interpretation of the district court's explanation for its departure decision: the Government asserts that the court's statements indicate that it was primarily motivated by these impermissible considerations. Wilson claims that the court's discussion about the crack/powder discrepancy was a "mere forum for discussion" and that the court's departure was premised upon a "combination of mitigating circumstances" surrounding his motivation, family circumstances and desire to participate in the ICC.

An examination of the entire sentencing indicates that the district court was primarily concerned with the crack/powder cocaine distinction, the defendant's race and southern background and the disparity between sentences in the state and federal system. While the court indicated its concern about targeting the African–American community for harsher sentences based upon that community's perceived drug of choice, the court failed to acknowledge that Wilson himself was apparently not even a drug user; at most, he profited from a weakness within his own community.

While the district court discussed the defendant's background and his family circumstances, it determined that these were not extraordinary and that these factors could not support the 30 month sentence sought by Wilson. The sentencing court also addressed the issue raised by defense counsel regarding Wilson's desire to participate in the ICC as soon as possible. However, the court failed to identify any extraordinary circumstance surrounding this desire and did not find extraordinary post-offense rehabilitation.

■ Viewing the record as a whole, it is unclear whether Wilson's sentence would have been different but for the district court's erroneous consideration of the crack/powder cocaine distinction, the disparity between state and federal sentences and the defendant's race and southern background. While the court discussed potentially viable bases for a departure, it did not find that those factors were determinative or that they existed to such a degree so as to justify a finding that this case presented facts outside the heartland of the guidelines. Based upon the foregoing, there is insufficient evidence for us to conclude that the district court would have imposed the same sentence absent reliance upon invalid factors.

**REVERSED AND REMANDED FOR RESENTENCING.**