UNITED STATES of America,
Plaintiff—Appellee,

v.

Brenda Denise BERG, Defendant—
Appellant.

No. 02–30101.
D.C. No. CR–01–00018–DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 27, 2002.*

Decided Feb. 18, 2003.

Before SKOPIL, BOOCHEVER and
LEAVY, Circuit Judges.

MEMORANDUM**

Brenda Denise Berg appeals the district court's decision to depart upward five levels, because the monetary loss caused by her bank fraud (a violation of 18 U.S.C. § 1344(2)) and her false statement (a violation of 18 U.S.C. § 1001) did not fully capture the harmfulness of her conduct. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's decision to depart upward for an abuse of discretion, *United States v. Martin*, 278 F.3d 988, 1001 (9th Cir.2002), and we accept the district court's findings of fact unless clearly erroneous, giving due deference to the court's application of the guidelines to the facts. *See* 18 U.S.C. § 3742(e).

The district court based its departure on U.S.S.G. § 2F1.1(b)(1), Application Note 11 (1998). The court explained in detail how Berg's offenses risked reasonably foreseeable, substantial nonmonetary harm and caused reasonably foreseeable psychological harm or severe emotional trauma, both grounds for departure authorized by the application note. The district court's factual findings were amply supported by the record, and giving due deference to its application of the guidelines to the facts,

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**132**

the departure was within the district court's discretion. *See United States v. Barnes*, 125 F.3d 1287, 1293 (9th Cir.1997) (letters from victims detailing emotional impact of defendant's fraud adequate basis for district court's upward departure).

Although the court did not adequately explain how Berg's offenses endangered the victims' solvency, we conclude that the court would have imposed the same sentence even without relying on this factor. *See United States v. Working*, 287 F.3d 801, 809 (9th Cir.2002) (noting that remand is not required when record is sufficient to show that district court would have imposed the same sentence absent the invalid factor).

AFFIRMED.