**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Lawrence ANTELOPE, Defendant— Appellee.**

**United States of America, Plaintiff—Appellee,**

v.

**Lawrence Antelope, Defendant— Appellant.**

Nos. 01–30187, 01–30188, 01–30438, 02–30097.
D.C. No. CR–00–00039–DWM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided April 22, 2003.

Before TROTT, T.G. NELSON and THOMAS, Circuit Judges.

## MEMORANDUM *

Both the government and the defendant appeal the district court's imposition of sentence and subsequent actions in revocation of probation. We affirm in part, reverse in part and remand for re-sentencing. Because the parties are familiar with factual and legal background of this case, we will not recount it here.

1. The issue to which the parties devote most of their attention is whether the district court violated defendant Antelope's rights under the First and Fifth Amendments by imposing and enforcing a condition of probation that he cooperate fully in sexual offender therapy that included polygraph examinations and disclosures of sexual history. However, because the sentence itself must be vacated, we need not reach any issues raised by the probation revocation.

2. We affirm the district court's grant of a downward departure based on post-offense rehabilitation efforts. To be proper, the district court's downward departure on the basis of Antelope's post-offense rehabilitative efforts must have been based on a determination that Antelope "demonstrated an extraordinary level of rehabilitation" substantially differentiating Antelope as a seeker of rehabilitation from the typical rehabilitation candidate. *United States v. Working,* 287 F.3d 801, 808 (9th Cir.2002) (citing *United States v. Green,* 152 F.3d 1202, 1209 (9th Cir.1998)). The record reflects that the district court's decision was founded on satisfactory consideration of both law and fact in granting this downward departure.

3. The district court erred by granting Antelope a downward departure on the ground that his offense fell outside the heartland of the offense he committed. The Child Protection Act of 1984 specifically defines the simple possession of child pornography to be a crime, defining separately other crimes involving the sexual exploitation and abuse of children. *See* 18 U.S.C. § 2251, *et seq.* (2000). Corresponding Guidelines assign different offense levels to different offenses, providing different enhancements for specific criminal conduct. *See* U.S.S.G. §§ 2G2.1–.5 (2000). The proper evaluation in this heartland of the offense analysis compares the particular defendant's crime to the crimes of other defendants sentenced pursuant to the same Guideline provision. *See United States v. Thompson,* 315 F.3d 1071, 1074–75 (9th Cir.2002) (reversing the "heartland" departure of a sentencing court where that court did not show that a defendant's "manner of accessing and storing the child pornographic files differentiated his conduct from that of the typical offender engaged in possession and distribution of child pornography"); *United States v. Parish,* 308 F.3d 1025, 1030–31 (9th Cir.2002) (observing that the proper comparison is "with the conduct of other offenders of the same statute, and [ ] the 'heartland' to be determined is the heartland of the offense of possessing child pornography").

In this case, because the district court's analysis did not contain the requisite comparative analysis, the grant of downward departure must be vacated and remanded for reconsideration by the district court.

4. The district court erred in categorically refusing to consider a downward departure based on imperfect entrapment in light of *Koon v. United States,* 518 U.S.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

81, 108–09, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (noting that "a federal court's examination of whether a factor can ever be an appropriate basis for departure is limited to determining whether the Commission has proscribed, as a categorical matter, consideration of a factor."). The United States Sentencing Guidelines do not expressly foreclose a downward departure on the basis of imperfect entrapment; thus, *Koon* permits its consideration. *See United States v. Sanchez–Rodriguez*, 161 F.3d 556, 564 (9th Cir.1998) (en banc) ("Cases that proscribe categorically consideration of a factor not specified as one of the forbidden factors were impliedly overruled by *Koon*.").

■ 5. The district court relied on several factors in granting a seven level downward departure, including the "extraordinary circumstances" surrounding Antelope's upbringing, "the needs of the community," and the "needs of Antelope." In doing so, the district court based its departure in part on admixtures of prohibited and potentially valid departure grounds. Section 5H1.10 of the Guidelines precludes the district court from considering Antelope's race, sex, national origin, creed, religion, and socio-economic status in the determination of his sentence. *See Koon*, 518 U.S. at 93. Section 5H1.12, similarly, forbids the district court from integrating Antelope's "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing" into its sentencing analysis. *See United States v.. Caperna*, 251 F.3d 827, 830 (9th Cir. 2001); *United States v. Johns*, 5 F.3d 1267, 1270 (9th Cir.1993). In slight contrast, under § 5H1.6 of the Guidelines, Antelope's employment record, family ties and responsibilities, and community ties may be considered in departure analyses, but, importantly, are "not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." *See* U.S.S.G. § 5H1.6 (2000). To be the foundation of a departure, thus, Antelope's employment record, family ties and responsibilities, or community ties must have been present to an exceptional degree. *See, e.g., United States v. Anders*, 956 F.2d 907, 912 (9th Cir.1992), *citing, United States v. Mondello*, 927 F.2d 1463, 1468–70 (9th Cir.1991). Because the precise basis for the district court's departure is unclear and appears to involve consideration of some impermissible grounds, vacation of the sentence is required. *Cf. Thompson*, 315 F.3d at 1073 ("We conclude the sentence cannot stand because of the district court's reliance on prohibited, discouraged, or inadequately explained factors.").

**AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR RESENTENCING.**