**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Carl Joseph MCCOUN, Defendant—
Appellant.**

No. 02–30379.
D.C. No. CR–02–00025–RFC.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2003.*

Decided Sept. 25, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

William W. Mercer, Esq., USMO–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Robin B. Hammond, Esq., Federal Public Defenders of Montana, Billings, MT, for Defendant–Appellant.

Before HAWKINS, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

█ Carl Joseph McCoun ("McCoun") used his daughter's name and personal information without her authorization to obtain six credit cards in her name. McCoun was charged with and pled guilty to identity theft in violation of 18 U.S.C. § 1028(a)(7). The district court departed upward seven levels in sentencing McCoun, relying on three bases suggested by the applicable sentencing guidelines. U.S.S.G. § 2B1.1 (2002). Application Note 15(A) of section 2B1.1: (1) the offense caused or risked substantial non-monetary harm, (2) the victim suffered substantial inconvenience related to repairing the victim's reputation or a damaged credit record, and (3) the defendant produced or obtained numerous means of identification with respect to one individual and essentially assumed that individual's identity.[1]

There is an adequate factual basis in the record for the first two factors. Psychological harm is an example of non-monetary harm. McCoun should have been aware that his actions would potentially cause psychological harm to his daughter because of their past relationship, in addition to his recent breach of parental trust. Also, based on the daughter's victim impact statement, there is sufficient factual basis for the district court to have found that McCoun harmed his daughter's reputation and caused her substantial inconvenience.

█ There is, however, an insufficient factual basis for the district court's application of the third factor in this case. Because obtaining six credit cards does not constitute the procurement of "numerous means of identification" *and* an "essential [assumption] of [his daughter's] identity," the application of Note 15(vii)(III) was improper.

Where we conclude that a district court based a departure on both valid and invalid factors, remand is required unless it is

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. U.S.S.G. § 2B1.1 App. Note 15(A)(ii), (vii)(I), & (vii)(III).

clear that the district court would have imposed the same sentence absent reliance on an invalid factor. *United States v. Working,* 287 F.3d 801, 809 (9th Cir.2002) (citing *Koon v. United States,* 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)). Because it is unclear whether the district judge would have imposed the same departure relying only on the first two factors, we vacate the sentence and remand for resentencing.[2]

VACATED AND REMANDED.

---

**2.** Accordingly, we need not address McCoun's claims that the departure resulted in double-counting for the crime or that the district court failed to explain the degree of its departure.