**UNITED STATES of America, Plaintiff—Appellee,**

v.

**John L. CALVERT, Defendant—Appellant.**

**No. 04–30402.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 5, 2005.*

Decided Aug. 10, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Thomas O. Rice, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

John L. Calvert, Seattle, WA, pro se.

Richard D. Wall, Esq., Attorney at Law, Spokane, WA, for Defendant–Appellant.

Before THOMPSON, T.G. NELSON and WARDLAW, Circuit Judges.

## MEMORANDUM **

The United States appeals the district court's sentencing of John L. Calvert for

Conspiracy to Retaliate Against a Witness, in violation of 18 U.S.C. § 371; Retaliation Against a Witness, in violation of 18 U.S.C. § 1513(b); Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A); and Being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). We have jurisdiction under 28 U.S.C. § 1291, and we vacate Calvert's sentence and remand for resentencing pursuant to *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

■ The district court committed nonconstitutional *Booker* error by holding that the Federal Sentencing Guidelines are mandatory and that it could not increase Calvert's sentence on the basis of judicial factfinding. *See Booker*, 125 S.Ct. at 756–57 (holding that Guidelines are advisory, not mandatory); *United States v. Ameline*, 409 F.3d 1073, 1081 (9th Cir.2005) (en banc) ("[W]e view judicial factfinding as erroneous only when coupled with a mandatory guidelines system."). Because the Government sufficiently preserved this error at the sentencing hearing, the harmless error standard applies. *See United States v. Seschillie*, 310 F.3d 1208, 1216 (9th Cir.2002). The error was not harmless because the district court stated on the record that Calvert deserved his sentence to be enhanced and thus the error materially affected the sentence. Accordingly, we vacate the sentence and remand to the district court for resentencing pursuant to *Booker*.

■ Given Judge Shea's proficient handling of this case since 2001 and Calvert's failure to show any evidence of potential prejudice or compromise of the appearance of justice, we deny his request to reassign the case to another judge for resentencing.

*See United States v. Alfaro,* 336 F.3d 876, 884 (9th Cir.2003) (citing *United States v. Working,* 287 F.3d 801, 809 (9th Cir.2002)).

**VACATED AND REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.