**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gary STUBBS, Defendant—Appellant.**

No. 05–10278.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2006.

Decided May 22, 2006.

**698**

Samantha S. Spangler, Esq., USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellant.

Livia Morales, Federal Defenders, Sacramento, CA, Gary Stubbs, Marysville, CA, for Defendant–Appellant.

Before: RYMER and WARDLAW, Circuit Judges, and SELNA,* District Judge.

### MEMORANDUM **

■ Gary Stubbs appeals the district court's affirmance of his conviction for violating 36 C.F.R. § 261.53(e) and 36 C.F.R. § 261.10(1), and his sentence. We affirm.

We review Stubbs's claim of insufficient evidence de novo. *United States v. Shipsey,* 363 F.3d 962, 971 n. 8 (9th Cir.2004). A rational factfinder, taking the evidence in the light most favorable to the prosecution, could find that the government had proven the elements of the offenses beyond a reasonable doubt given Stubbs's stipulation, his own statements that his kitchen was not in compliance, and the testimony of Forest Service officers. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Because Stubbs raised his double jeopardy challenge in the district court, we review the claim de novo. *United States v. Patterson,* 381 F.3d 859, 863 (9th Cir. 2004). Although the same conduct gave rise to a violation of the two regulations, "each provision require[d] proof of an additional fact which the other d[id] not," and the convictions therefore did not violate the double jeopardy clause. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under 36 C.F.R. § 261.10(1), it was necessary to show that Stubbs had violated the terms of the permit; under 36 C.F.R. § 261.53, it was necessary to show that the area had been closed. Therefore, the convictions were not duplicative. *See Williams v. Warden,* 422 F.3d 1006, 1010 (9th Cir. 2005).

■ As we construe the special condition of probation, we cannot say that it offends Stubbs's First Amendment rights. To allay any First Amendment concerns, we read the condition to forbid Stubbs only from attending the Rainbow Family's annual summer gathering in the national forests during the term of probation, but

---

* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

not from attending other associational activity. So construed, the condition is not overbroad and is reasonably related to protecting the public and rehabilitating Stubbs. *See United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir.1991).

As the district court recognized, it was clearly wrong for the magistrate judge to impose sentence in Stubbs's absence. However, Stubbs turned down remand for resentencing, as he did not want to appear before Judge Kellison again. He did not ask for resentencing before any other judge, so the district court did not err by failing sua sponte to remand for resentencing to a different judge. Nor is there any basis in the record for concluding that the magistrate judge was biased or that unusual circumstances existed for reassignment. *See United State v. Working*, 287 F.3d 801, 809–10 (9th Cir.2002).

AFFIRMED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.