FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50460 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01234-R-1 |
| v. | |
| NICHOLAS MYLES GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted August 7, 2012
Pasadena, California

Before: REINHARDT, SILVERMAN, and WARDLAW, Circuit Judges.

Nicholas Myles Garcia (Garcia) appeals his 51-month sentence for

subscribing to a false tax return under 26 U.S.C. § 7206(1) and conspiracy under

18 U.S.C. § 371. In this case's prior iteration, we reversed and remanded Garcia's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

initial 51-month sentence because the district court failed "to discuss any of the applicable sentencing factors, explain how it resolved the parties' dispute with respect to the Guidelines calculations, or address Garcia's request for a sentence below the Guidelines range." *United States v. Garcia*, 426 Fed. App'x 530, 531 (9th Cir. 2011). On remand, the government no longer sought the contested 2-point sentencing enhancement and thus the parties agreed on a lower Guidelines range (41-51 months, instead of the prior range of 51-63 months). The district court again imposed a 51-month sentence. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand to a different district court judge for resentencing.

In the circumstances of this case, we find that the district court's inadequate explanation renders Garcia's sentence procedurally erroneous. *Gall v. United States*, 552 U.S. 38, 49 (2007). Although only a limited explanation is required for within-Guideline sentences, *United States v. Carty*, 520 F.3d 894, 992 (9th Cir. 2008) (en banc), the district court nevertheless failed to "set forth enough to satisfy the appellate court that [it] considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court began Garcia's resentencing hearing by noting that the remand requires it to give reasons, but it reimposed the identical 51-month sentence, which was at the high end of the revised Guidelines

range, before providing any explanation. When the district court did explain, it initially miscalculated the Guidelines range and – while it did include specific facts about Garcia and his crime – was brief and simply repeated various parts of § 3553(a). Most important, the district court entirely ignored one of Garcia's principal arguments for mitigation (that he had been rehabilitated in prison, supported by positive evaluations from prison officials) and dismissively rejected the other (that his crimes were the result of significant emotional trauma suffered during his childhood, supported by the report of a psychologist). Both were "specific, nonfrivolous argument[s] tethered to a relevant § 3553(a) factor," for which a "judge should normally explain why he accepts or rejects the party's position," *Carty*, 520 F.3d at 992. Because the record does not support the conclusion that the district court made a "reasoned" decision, we find procedural error and vacate the sentence.[1]

We also grant Garcia's request that his case be remanded to a different judge for resentencing. Because the initial judge has twice imposed an identical sentence, we believe that he would have substantial difficulty in putting his previously expressed views out of mind. *United States v. Working*, 287 F.3d 801, 809 (9th Cir.

---

[1] Because we vacate the sentence, Garcia's third claim on appeal – to conform the written judgment of the supervised release conditions to the oral pronouncement – is moot.

2002). Additionally, "[w]e do not believe that resentencing by another judge would entail waste and duplication out of proportion to the gain achieved in preserving an appearance of fairness, as a new sentencing hearing will be required whether the case is reassigned or [not]." *United States v. Paul,* 561 F.3d 970 (9th Cir. 2009).

**VACATED and REMANDED.**

Judge Silverman concurs in the result.

*United States v. Garcia,* No. 11-50460

SILVERMAN, Circuit Judge, concurring:

I concur in the result.