*Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, **No. 12- 35266:**

M. SMITH, Circuit Judge, concurring in part and dissenting in part:

I concur in both the reasoning and the judgment of the panel opinion, reversing the district court's dismissal of Cetacean's piracy claims, and its failure to grant Cetacean a preliminary injunction. Even if one believes it is barbaric to harvest whales for any purpose at the beginning of the 21st century, as practiced by Cetacean, it is clearly permitted under international law. *See* International Convention for the Regulation of Whaling art. VIII, Dec. 2, 1946, 62 Stat. 1716, 161 U.N.T.S. 74. Sea Shepherd's piracy is not. *See* Maj. Op. at 3–14.

However, I respectfully dissent from the majority's decision to reassign this case to a different district judge. "We remand to a different judge only in unusual circumstances or when required to preserve the interests of justice." *United States v. Wolf Child*, 699 F.3d 1082, 1102 (9th Cir. 2012) (citing *United States v. Quach*, 302 F.3d 1096, 1103 (9th Cir. 2002)). Specifically, we employ a three-factor test to determine whether to remand a case to a different district judge:

> (1) whether the original judge would reasonably be expected
> upon remand to have substantial difficulty in putting out of his
> or her mind previously expressed views or findings determined

1

to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Id.*; *see also Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184, 1196 (9th Cir. 2000).

Applying these factors, I see no basis for reassigning this case. Our panel opinion is well-articulated, succinct, and absolutely clear as to what is required of the district judge on remand. Importantly, it leaves no room for any district judge to "have substantial difficulty . . . putting out of his or her mind previously expressed views." *Wolf Child*, 699 F.3d at 1102. The Sea Shepherds are pirates. Period. No district judge could fail to grasp the clarity and firmness of our opinion.

Moreover, the "appearance of justice" does not require reassignment. We have previously reserved reassignment for only the most egregious cases.[1] While

---

[1] *See*, *e.g.*, *United States v. Working*, 287 F.3d 801, 809–10 (9th Cir. 2002) (reassigning to different district judge where district court sentenced defendant to one day in jail following conviction for assault with the intent to commit first degree murder); *Quach*, 302 F.3d at 1103–04 (reassigning where district court previously suggested that the defendant was "fortunate" not to receive the death penalty, and where the court indicated that had the government moved for a downward departure, it would have denied the motion); *United Nat. Ins. Co. v. R&D Latex Corp.*, 141 F.3d 916, 919–20 (reassigning where district judge had "twice granted summary judgment" to a party without articulating any reasons); *cf. Wyler Summit Partnership*, 235 F.3d at 1196 (refusing to remand to a different

2

the district judge clearly erred in finding for the Sea Shepherds, there is absolutely no evidence in this record to suggest that he did so for an improper purpose, such as bias or prejudice.

Finally, because I do not believe "preserving the appearance of fairness" requires reassignment, the majority's decision will necessarily "entail waste and duplication out of proportion" to any benefits. *Wolf Child*, 699 F.3d at 1102. District judges, like circuit judges, occasionally make mistakes. Where, as here, there is no reason to suspect that the district judge will repeat those mistakes on remand, reassignment is inappropriate.

I respectfully dissent from the majority's decision to reassign this case to a different district judge.

---

district judge even though district judge "adopted verbatim" one party's clearly biased proposed order); *United States v. Waknine*, 543 F.3d 546, 560 (9th Cir. 2008) (refusing to reassign to a different district judge despite commission of significant procedural errors).