**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 30 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50022 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00288-R-1 |
| v. | |
| JERRY ANTHONY GREGOIRE, Jr., AKA Jerry Gregoire, AKA Jerry Anthony Gregoire, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 10, 2015
Pasadena, California

Before: PREGERSON, CALLAHAN, and HURWITZ, Circuit Judges.

Jerry Gregoire, Jr. appeals his convictions and sentences on six counts of

making false statements in violation of 18 U.S.C. § 287, six counts of theft of

government property in violation of 18 U.S.C. § 641(a), and one count of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

aggravated identity theft in violation of 18 U.S.C. § 1028A. We vacate in part and remand for further proceedings.

1. We commend government counsel for his candor and assistance to the court and accept the government's concession that the district court erred in failing to perform an adequate inquiry into Gregoire's alleged irreconcilable conflict with appointed counsel. *See United States v. Musa*, 220 F.3d 1096, 1102-03 (9th Cir. 2000). We remand so that the district court may conduct an adequate inquiry, including an in camera hearing if necessary, to determine the extent of the pre-trial conflict between Gregoire and counsel. *Id.* at 1103. If the district court finds that an irreconcilable conflict existed that would have resulted in a constructive denial of counsel or actual prejudice to Gregoire, it shall order a new trial and appoint new counsel; the convictions otherwise will stand. *Id.*

2. The government also correctly concedes that the district court erred by ordering Gregoire to pay restitution in the total amount of tax refunds issued to him, instead of the amount of refunds he actually received under the six offenses of conviction. *United States v. May*, 706 F.3d 1209, 1214 (9th Cir. 2013). We therefore vacate the restitution order, the amount of which must be recalculated on remand if the district court does not grant Gregoire a new trial.

3. Exercising our supervisory powers under 28 U.S.C. § 2106, we direct this case be reassigned to a different judge on remand. *See United States v. Working*,

287 F.3d 801, 809 (9th Cir. 2002).

**VACATED IN PART and REMANDED.**