**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10573 |
| Plaintiff-Appellee, | D.C. No. 3:05-cr-00187-RCJ |
| v. | |
| FIDEL SANTIBANES-LEON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Fidel Santibanes-Leon appeals from the district court's judgment and

challenges the 24-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Santibanes-Leon contends that the district court procedurally erred by basing

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the sentence on clearly erroneous facts and by failing to consider several mitigating arguments. We review for plain error, *see United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013), and find none. Though the record lacks support for the district court's statement that Santibanes-Leon would not be deported upon release, Santibanes-Leon has not shown a reasonable probability that he would have received a different sentence absent this alleged error. *See id.* at 1103-06. To the extent that the district court based the sentence on a finding that Santibanes-Leon had a 2000 Nevada state conviction for trafficking in a controlled substance, Santibanes-Leon has not shown that this finding was clearly erroneous. *See id.* at 1103. Finally, the district court did not plainly err by failing to consider the mitigating arguments that he is raising for the first time on appeal; rather, the record reflects that the district court properly considered the arguments that Santibanes-Leon raised at the sentencing hearing and explained sufficiently its determination that a statutory maximum sentence was warranted in light of his significant criminal and immigration history. *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007).

Santibanes-Leon next contends that his sentence is substantively unreasonable in light of the alleged procedural errors and the mitigating factors.

The district court did not abuse its discretion in imposing Santibanes-Leon's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the relevant 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

Santibanes-Leon's motion for judicial notice and to supplement the record is granted.

The government's unopposed request for judicial notice is granted.

**AFFIRMED.**