**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10374 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00069-RCJ-VPC-1 |
| v. | MEMORANDUM[*] |
| JOSE IGNACIO HERNANDEZ-GUZMAN, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, Senior District Judge, Presiding

Submitted September 11, 2017[**]
San Francisco, California

Before: KOZINSKI and FRIEDLAND, Circuit Judges, and BENNETT,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]    The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

**1.** Defendant Jose Ignacio Hernandez-Guzman appeals the 20-month sentence he received for being an alien illegally or unlawfully in the United States in possession of a firearm, under 18 U.S.C. § 922(g)(5)(A), arguing that the district court's sentence was both procedurally and substantively unreasonable.

Because Hernandez-Guzman did not raise below is argument that the sentence was procedurally unreasonable, we review for plain error. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). To establish plain error, (1) there must be an "error or defect," (2) the "error must be clear or obvious, rather than subject to reasonable dispute," (3) the "error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it 'affected the outcome of the district court proceedings,'" and (4) if the above three prongs are satisfied, this court has the discretion to remedy the error "only if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 734, 736 (1993)). We review the substantive reasonableness claim for abuse of discretion. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009).

Hernandez-Guzman argues that his sentence was procedurally unreasonable because of the district court's comments about his deportation status [1] The district court did not commit plain error, by observing that it was unclear whether Hernandez-Guzman would be deported. Moreover, Hernandez-Guzman has not shown a reasonable probability that he would have received a different sentence absent this alleged error. *See United States v. Christensen*, 732 F.3d 1094, 1103-06 (9th Cir. 2013).

2. Hernandez-Guzman argues that the district court procedurally erred by failing to address the mitigating evidence of his "traumatic and violent past." We review for plain error, *see Valencia-Barragan*, 608 F.3d at 1108, and conclude that there is none. The district court listened to Hernandez-Guzman's arguments, stated that it had reviewed the criteria set forth forth in 18 U.S.C. § 3553(a), and stated its reasons for varying minimally upward from the Guidelines range. ts

---

[1]The court grants Hernandez-Guzman's motion for judicial notice of transcripts from criminal sentencing hearings involving undocumented immigrants in which the district court has commented on executive deportation policies. Dkt. #5-1, Mot. For Judicial Notice. On appeal, this court may take judicial notice of documents "not subject to reasonable dispute." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (quoting FED. R. EVID. 201(b)). Although some of the district court's comments are deeply troubling, comments in other cases cannot alone support a claim of procedural error in Hernandez-Guzman's sentencing.

failure to do more does not constitute plain error. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

3.   Hernandez-Guzman argues that the district court procedurally erred by relying on clearly erroneous factual findings, including a finding that Hernandez-Guzman was "willing" to shoot other people.  The district court's finding was based on an alleged gesture Hernandez-Guzman made toward his waist when questioned by police about whether he was carrying a weapon.  We conclude that the district court did not plainly err.  Although the gesture was susceptible to competing interpretations, the district court's assessment of its meaning is not "illogical, implausible, or without support in the record." *See United States v. Fitch*, 659 F.3d 788, 797 (9th Cir. 2011) (quoting *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010)).

4.   Hernandez-Guzman contends that the district court procedurally erred when it imposed his term of supervised release.  Hernandez-Guzman argues that, because the Guidelines state that the sentencing court "ordinarily should not impose a term of supervised release," U.S.S.G. § 5D1.1(c), the district court erred in failing to explain its deviation from the Guidelines recommendation.  We conclude that the district court did not plainly err.  Contrary to Hernandez-Guzman's contention, the record reflects that the district court properly

4

based the term of supervised release on its concerns about the danger Hernandez-Guzman posed to the community. *See* 18 U.S.C. § 3583(c).

**5.** Finally, Hernandez-Guzman argues that his sentence is unreasonable. A sentencing judge is in a superior position to make factual determinations and evaluate their import under § 3553(a), *United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009), and only a procedurally erroneous or substantively unreasonable sentence will be set aside. *See Carty*, 520 F.3d at 993. Here, the district court adequately considered the sentencing factors in § 3553(a) and explained its reasons for its sentence. The sentence is substantively reasonable in light of the § 3553(a) factors and the totality of the circumstances.

AFFIRMED.