**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 4 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10147 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00389-RCJ-PAL-1 |
| v. | |
| JUAN NAVARRO-GARCIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted January 15, 2019
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,[**] District Judge.

Juan Navarro-Garcia pleaded guilty to the offense of being a "Deported Alien Found Unlawfully in the United States" under 8 U.S.C. § 1326 on January 10, 2018. The parties recommended a sentence of time served. The district court

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

varied upward from the range under the United States Sentencing Guidelines ("the Guidelines") and imposed a sentence of 18 months. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we vacate and remand.

The district court determined that Navarro-Garcia had an offense level of 6 and a criminal history category of IV, giving rise to a Guidelines range of 6 to 12 months. At the time of his hearing on April 9, 2018, Navarro-Garcia had been in federal custody for four and a half months, and in state custody for three and a half years. The government recommended a sentence of time served, a downward departure from the Guidelines, because of the time Navarro-Garcia had already served in state custody. See U.S.S.G. § 2L1.2 cmt. n.6 (2016).[1] The district court held that it could not grant credit for the time served in state custody because it was on a separate and unrelated conviction. Furthermore, relying on the finding that "[t]he government [was] having difficulty, especially in the Ninth Circuit, of deporting people with crime convictions who are eligible for deportation," the district court held that it could not take into consideration the fact that Navarro-Garcia would be automatically deported following his release. Instead, the court held that it "[had] to enter separate punishment," and it imposed a sentence of 18 months.

---

[1] These were the Guidelines in effect at the time of the sentencing hearing on April 9, 2018.

We have discretion to correct an error raised for the first time on appeal if (1) it has not been intentionally relinquished or abandoned, (2) it is a plain or obvious error, and (3) it has affected the defendant's substantial rights. Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016) (citing United States v. Olano, 507 U.S. 725, 732-736 (1993)); see Fed. R. Crim. P. 52(b). Once these three conditions have been met, we exercise discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting Olano, 507 U.S. at 736). The Supreme Court has held that a failure to correct a plain Guidelines error that affects a defendant's substantial rights satisfies the fourth part of the analysis—that is to say, it will seriously affect the fairness, integrity, and public reputation of judicial proceedings. Rosales-Mireles v. United States, 138 S. Ct. 1897, 1911 (2018).

The district court committed plain error. First, the court failed to recognize that it had discretion to grant credit for the time served by Navarro-Garcia in state custody. U.S.S.G. § 2L1.2 cmt. n.6 (2016). Second, the finding that Navarro-Garcia was unlikely to be deported was erroneous, as the government conceded. These errors are obvious, and Navarro-Garcia did not intentionally abandon them. They have affected his substantial rights, as his sentence is 50 percent longer than the upper end of the Guidelines range. U.S.S.G. ch. 5, pt. A (sentencing table). We exercise our discretion to correct them.

This is not the first time that the district court has relied on its erroneous finding concerning the government's deportation policies in sentencing undocumented criminal defendants. <u>See</u>, <u>e.g.</u>, Sentencing Transcript, <u>United States v. Chalma-Chalma</u>, No. 3:14-cr-52- RCJ-WGC (D. Nev. Mar. 11, 2015); <u>United States v. Santibanes-Leon</u>, 671 F. App'x 589 (9th Cir. 2016); <u>United States v. Hernandez-Guzman</u>, 708 F. App'x 907, 909 n.1 (9th Cir. 2017). Reassignment is therefore advisable in these unusual circumstances to preserve the appearance of justice. <u>United States v. Working</u>, 287 F.3d 801, 809-10 (9th Cir. 2002) (citing <u>Smith v. Mulvaney</u>, 827 F.2d 558, 562-63 (9th Cir. 1987)).

**SENTENCE VACATED AND REMANDED FOR RE-ASSIGNMENT AND RE-SENTENCING**.